UNITED STATED DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| RHODE ISLAND RESOURCE RECOVERY CORPORATION<br><br>*Plaintiff,*<br><br>v.<br><br>THE RHODE ISLAND DEPARTMENT OF ENVIRONMENTAL MANAGEMENT, by and Through its Director, W. MICHAEL SULLIVAN and UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, NEW ENGLAND REGION, by and through its Regional Administrator, ROBERT W. VARNEY,<br><br>*Defendants.* | ) | CA 05 451<br><br>C.A. No. 05- |

**COMPLAINT**

The Rhode Island Resource Recovery Corporation, formerly known as the Rhode Island Solid Waste Management Corporation, ("Plaintiff") by and through its undersigned counsel, hereby files this Complaint and alleges as follows:

**Nature of Action**

1. This is an action brought pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, seeking a declaration from the Court that the Rhode Island Department of Environmental Management (the "Department") does not have the right, power or authority to compel the Plaintiff to obtain from it any permit, license or approval in order to implement or perform any aspect of the on-site remedy at Operable Unit 1 of the Central Landfill Superfund Site in Johnston, Rhode Island (the "Superfund Site") and that it is barred from doing so by Section 8 of the Consent Decree (as hereinafter defined), Section 121(e) of CERCLA, 42 U.S.C. § 9621(e) and 40 C.F.R § 300.400(e)(1).

2. Further, Plaintiff seeks a preliminary and permanent injunction prohibiting the Department 1) from requiring Plaintiff to obtain any such permit, license or approval from it to perform any aspect of the remedy on the Superfund Site, 2) from entering onto the Superfund Site, and 3) from prosecuting any administrative, civil or criminal proceeding relating to Plaintiff's remediation activities within the Superfund Site.

**Parties**

3. Plaintiff is a Rhode Island public corporation organized pursuant to R.I. Gen. Laws § 23-19-1 et seq. and existing under the laws of the State of Rhode Island. Plaintiff provides facilities to manage solid waste.

4. Department is an agency organized pursuant to R.I. Gen. Laws § 42-17.1-1 *et seq.* and existing under the laws of the State of Rhode Island.

5. EPA is an agency organized and existing under the laws of the United States. No affirmative relief is sought against EPA. EPA is joined pursuant to 28 U.S.C. § 2201 because it has an interest in the determination of questions raised in this lawsuit.

**Jurisdiction and Venue**

6. This Court has jurisdiction over this action pursuant to Section 110 of that certain Consent Decree executed on May 16, 1996 and subsequently entered by this Court as a final Order in the matter of United States of America v. Rhode Island Solid Waste Management Corporation, C.A. No. 96-408P ("Consent Decree"), Section 113(b) of the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended 42 U.S.C § 9613(b) ("CERCLA"), and 28 U.S.C. § 1331.

7. Venue is proper in this district pursuant to Section 110 of the Consent Decree, Section 113(b) of CERCLA, 42 U.S.C. § 9613(b) and 28 U.S.C. § 1391(b).

**Statement of the Case**

8. The Consent Decree was entered into by the Plaintiff with the United States of America to resolve all issues relating to the obligation of the Plaintiff to investigate and remediate, in accordance with applicable provisions of CERCLA, the various hazardous substances present at the Superfund Site.

9. Section 8.a of the Consent Decree states as follows: "As provided in Section 121(e) of CERCLA and [40 C.F.R.] § 300.400(e)(1) of the NCP [National Contingency Plan], no permit shall be required for any portion of the Work conducted entirely on-site. Where any portion of the Work requires a federal or state permit or approval, [Plaintiff] shall submit timely and complete applications and take all other actions necessary to obtain all such permits or approvals."

10. Section 121(e)(1) of CERCLA states as follows: "No Federal, State, or local permit shall be required for the portion of any removal or remedial action conducted entirely onsite, where such remedial action is selected and carried out in compliance with this section."

11. 40 C.F.R. § 300.400(e)(1), entitled *Permit Requirements*, states as follows: "No federal, state, or local permits are required for on-site response actions conducted pursuant to CERCLA sections 104, 106, 120, 121, or 122. The term *on-site* means the areal extent of the contamination and all suitable areas in very close proximity to the contamination necessary for implementation of the response action."

12. Section 10 of the Consent Decree requires the Plaintiff to perform the remedial activities set forth in the Consent Decree and the Scope of Work ("SOW") attached to the Consent Decree as Appendix B.

13. One of those activities consists of constructing a multilayer RCRA ["Resource Conservation and Recovery Act"] C cap over the previously uncapped 89 acres of the Superfund

Site and incorporating therein the then existing Department-approved cap which covered the remaining 32 acres of the Superfund Site (the "RCRA Cap").

14. Plaintiff was required to and did construct the RCRA Cap in accordance with the applicable requirements of the Consent Decree, including those applicable or relevant and appropriate federal and state requirements ("ARARs") contained in the Record of Decision ("ROD") (Appendix A to the Consent Decree) which were specific to the RCRA Cap and the landfill cap performance standards and requirements set forth in Section IV.B of the SOW. These ARARs constitute the universe of laws and regulations that apply to the matter and are federally enforceable.

15. Appendix C to the ROD contains a letter dated June 15, 1994 from Michael Annarummo, the then Director of the Department, addressed to the Regional Administrator of Region I of EPA in which the Department on behalf of the State of Rhode Island concurred with the selected remedy set forth in the ROD, including the ARARs relevant to the construction of the landfill cap.

16. The Department has for a number of years actively participated in the Consent Decree process and implementation of the remedy.

17. Prior to the construction of the RCRA Cap at the Superfund Site, the Plaintiff utilized various fill materials, including but not limited to processed bottom ash ("PBA") and other soils, from both in-state and out-of state sources, to fill voids in, reshape and level out the area of the Superfund Site to be capped in order to be able to then construct the RCRA Cap required by the Consent Decree.

18. Such use by the Plaintiff of such fill materials was consistent with and not prohibited by the applicable ARARs, which are listed in the ROD as Sections 8, 9, 10 and 13 of

the Department's Rules and Regulations for Solid Waste Management, April 19, 1992, and the landfill cap performance standards and requirements set forth in Section IV.B of the SOW. The use of such fill materials was made with the actual knowledge of EPA, Department project managers and the EPA oversight consultants.

19. On or about August 16, 2005, the Department issued a Notice of Intent to Enforce to the Plaintiff in which it threatened to apply state law and regulation against the Plaintiff concerning the use of PBA by the Plaintiff at the Superfund Site.

20. On October 12, 2005, the Department obtained a Search Warrant from the Rhode Island District Court authorizing the Department to enter upon the Superfund Site and to obtain samples of PBA and soils therefrom.

21. Pursuant to said Warrant, Department personnel utilized various pieces of equipment to obtain such samples, and in the process of doing so, excavated down through the RCRA Cap, tearing the RCRA Cap in a number of places and leaving the materials below the torn RCRA Cap exposed to the elements. The Department has made no attempt to repair the torn RCRA Cap in the areas in which it conducted its excavation and sampling. Significant quantities of rainwater are now entering through the torn RCRA Cap and exacerbating the release of hazardous substances from the Superfund Site.

22. The Department has notified the Plaintiff that the Plaintiff does not have a permit or approval from the Department to use such PBA as "controlled fill" at the Superfund Site, and that it is the position of the Department that the use of such PBA as "controlled fill" at the Superfund Site constitutes an unlawful disposal of out-of-state generated solid waste at the Central Landfill in violation of R.I.G.L. § 23-19-13.1(a) and disposal at an unlicensed solid waste management facility in violation of R.I.G.L. § 23-18.9-5.

23. Plaintiff asserts that as a matter of federal law no permit, license or approval is required from the Department in order to accept materials authorized by the Consent Decree to perform the remedy in accordance with the SOW at the Superfund Site.

24. Such use by Plaintiff of PBA at the SuperFund Site without a permit from the Department is not prohibited by and is consistent with the Consent Decree, the ARARs and the SOW, and therefore, any state law or regulation, whether promulgated before or after the effective date of the Consent Decree, concerning such use of PBA at the Superfund Site or the requirement to obtain a permit, license or other approval from the Department therefore which is inconsistent with the Consent Decree, the ARARs or the SOW, is preempted as a matter of law by federal law and regulation which covers the field.

25. Further, the Department has no right, power or authority either to obtain a Search Warrant or require the Plaintiff to obtain a license, permit or other approval to utilize PBA at the Superfund Site because such state regulations are preempted by CERCLA and the provisions of the Consent Decree. The Department's sole remedy is to request or petition the United States of America, acting by and through the EPA, to enforce the Consent Decree against the Plaintiff, and it has not chosen to do so.

26. Finally, because the Department concurred in writing with the selected remedy set forth in the ROD, including the ARARs relevant to the construction of the landfill cap, it is estopped as a matter of law from requiring the Plaintiff to obtain a license, permit or other approval to utilize PBA at the Superfund Site and from obtaining any search warrant or prosecuting any administrative, civil, or criminal proceedings resulting from Plaintiff's use of PBA at the Superfund Site.

27. On account of the Department's decision to obtain the Search Warrant, and its conduct during the exercise thereof, the Plaintiff has suffered and may continue to suffer irreparable harm in the continued release of hazardous substances as a result of the damage to the cap caused by the Department. By requiring the Plaintiff to comply with state laws and regulations with regard to its on-site remediation activities, despite the clear language of the Consent Decree, the Department has impeded the Plaintiff's ability to conduct and maintain its remediation activities in compliance with the Consent Decree. Moreover, during its exercise of the Search Warrant, the Department caused the RCRA Cap to be torn and damaged, resulting in the likelihood of additional environmental contamination at the site.

28. An injunction will not impose a hardship on the Department because the EPA retains the authority to enforce the Consent Decree.

29. Injunctive relief in this case will not adversely affect the public interest because the Consent Decree remains enforceable by EPA.

**Count I**
**(Request for Declaratory Judgment, 28 U.S. C. § 2201 et seq.)**

30. Paragraphs 1 – 29 of the Complaint are realleged and incorporated by reference herein.

31. This action involves an actual controversy, as the Declaratory Judgment Act, 28 U.S.C. §2201, defines that term.

32. Section 121(e) of CERCLA, 42 U.S.C § 9621(e)(1), and 40 C.F.R. § 300.400(e)(1) provide that no federal, state or local permit is required for any portion of the work (to be performed by the Plaintiff under the Consent Decree) that is conducted entirely on-site.

33. Section 8.a of the Consent Decree provides that no permit is required for any portion of the work (to be performed by the Plaintiff under the Consent Decree) that is conducted entirely on-site.

34. Having approved in 1994 the selected remedy set forth in the ROD, the Department is estopped from taking any action to interfere with the performance by the Plaintiff of the remedy under the Consent Decree, including the imposition of any permit requirements not allowed under the Consent Decree, so long as such performance is consistent with the requirements of the Consent Decree.

35. The federally enforceable ARARs in the ROD, incorporated by reference in the Consent Decree, as well as the performance standards and requirements in the SOW, constitute the entire universe of law and regulation that apply to the performance of the remedy under the Consent Decree. The sole remedy of the Department with regard to the performance by the Plaintiff of the work at the Superfund Site, under the Consent Decree lies within the four corners of the Consent Decree itself, and such remedy is limited to participation through EPA in any enforcement against the Plaintiff of the requirements of the Consent Decree.

36. Any attempt by the Department to impose a state permit requirement on the Plaintiff with regard to the use of PBA and other soils as controlled fill in the manner used by the Plaintiff entirely on-site in the performance of the remedy under the Consent Decree and any administrative, civil or criminal proceedings brought by the Department in connection therewith are preempted as a matter of law.

WHEREFORE, Plaintiff Rhode Island Resource Recovery Corporation prays for the following relief and judgment:

(a) For a declaration that:

(1) the Rhode Island Department of Environmental Management does not have the right, power, or authority to compel the Plaintiff to obtain from it any permit, license, or approval in order to implement or perform any aspect of on-site remediation within the Superfund Site, and is barred and preempted from doing so on account of federal law and Section 8 of the Consent Decree;

(2) the Rhode Island Department of Environmental Management does not have the right, power or authority to act pursuant to the Search Warrant dated October 12, 2005, pursuant to any future search warrants, or pursuant to any other civil, administrative or criminal statutory or regulatory proceeding concerning Plaintiff's remediation activities within the Superfund Site under the Consent Decree;

(3) the Rhode Island Department of Environmental Management is estopped from asserting that the Plaintiff is required to obtain a permit, or from exercising any search warrant for an alleged failure to obtain a permit, because it consented to the remedy set forth in the ROD and the applicable ARARs and actively participated in the Consent Decree process and implementation of the remedy; and

(4) the sole remedy of the Department with regard to the performance by the Plaintiff of the work under the Consent Decree lies within the four corners of the Consent Decree itself, and such remedy is limited to participation through EPA in any enforcement against the Plaintiff of the requirements of the Consent Decree.

(b) For preliminary and permanent injunctive relief:

(1) prohibiting the Rhode Island Department of Environmental Management from requiring Plaintiff to obtain any permit, license, or approval from it in order to engage in on-site remediation activities within the Superfund Site;

(2) prohibiting the Rhode Island Department of Environmental Management from entering onto the Superfund Site without the consent, approval or order of EPA as is required by the Consent Decree; and

(3) prohibiting the Rhode Island Department of Environmental Management from commencing or independently engaging in any civil, administrative or criminal statutory or regulatory proceeding concerning the Plaintiff's remediation activities within the Superfund Site.

(c) For costs and fees, including reasonable attorneys' fees, for the suit herein incurred; and

(d) For such other and further relief as the Court may deem just and proper under the circumstances.

RHODE ISLAND RESOURCE
RECOVERY CORPORATION

By its Attorneys,

Patricia K. Rocha (#2793)
R. Bart Totten (#5095)
Kristen W. Sherman (#5595)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
Tel: (401) 274-7200
Fax: (401) 351-4607/751-0604

Richard A. Sherman (#1190)
Raymond M. Ripple (#6489)
EDWARDS & ANGELL, LLP
2800 Financial Plaza
Providence, RI 02903
Tel: (401) 276-6513
Fax: (401) 276-6611

Dated: October 26, 2005

*359217_1.doc*