UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| RHODE ISLAND RESOURCE RECOVERY CORPORATION<br><br>Plaintiff,<br><br>v.<br><br>THE RHODE ISLAND DEPARTMENT OF ENVIRONMENTAL MANAGEMENT, by and through its DIRECTOR, W. MICHAEL SULLIVAN,<br><br>Defendant. | ) | C.A. No. 05-451-ML |

**PLAINTIFF'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR PRELIMINARY INJUNCTION**

## I. INTRODUCTION

Plaintiff Rhode Island Resource Recovery Corporation, formerly known as the Rhode Island Waste Management Corporation (the "Corporation") hereby submits this Reply Memorandum of Law in Support of its Motion for Preliminary Injunction.[1]

[1] In accord with the scheduling order in this matter, the Corporation will move for summary judgment on its claim of federal preemption.At Defendant's request, the parties filed a stipulation to enlarge the time to file dispositive motions to May 8, 2006. The Corporation will file its motion on or before May 8, 2006, seeking a declaration that the Defendant does not have the right, power, or authority to compel the Corporation to obtain from it any permit, license, or approval for any remediation activities at the Superfund Site on the grounds that (1) only those laws and regulations specifically set forth in the Consent Decree govern any remediation activities conducted entirely on-site; (2) federal preemption precludes the application of any conflicting state laws or regulations; and (3) the doctrine of estoppel precludes the enforcement of any other state law or regulation against the Corporation concerning the remediation at the Superfund Site.

The Corporation respectfully submits that in light of (1) the absence of any substantive activity on the part of the Defendant to enforce the state laws at issue in this case since the filing of this suit, and (2) the fact that the consideration of this motion for preliminary injunction may require an evidentiary hearing, the Court may defer consideration of this motion for preliminary injunction until after its consideration of the dispositive motion(s) filed by the parties. The Court's determination of such dispositive motions might well eliminate the need for consideration of the more extraordinary relief of a preliminary injunction. In the event that the Defendant renews its efforts to enforce the state laws in question, however, the Corporation would reserve its right to seek immediate injunctive relief with respect to such activity.

As explained in the Corporation's opening memorandum, because the state laws that the Defendant has attempted to enforce against the Corporation are preempted by federal law, their enforcement is prohibited by the Supremacy Clause of the Constitution. The Corporation therefore seeks three aspects of injunctive relief: (1) prohibiting the Defendant from requiring the Corporation to obtain state permits to perform certain work at the Superfund Site; (2) prohibiting the Defendant from entering onto the Superfund Site; and (3) prohibiting the Defendant from commencing or engaging in any civil, administrative, or criminal proceeding with respect to the state laws at issue in this case. Complaint ¶ 2.

In its opposition, the Defendant offers no substantive response to the basic charge that the state laws at issue are preempted by federal law and, as a consequence, that their enforcement would violate the United States Constitution.[2] Rather, the Defendant offers two legal rationales to support its opposition to injunctive relief in this case. First, it argues that abstention principles caution against enjoining the Defendant's enforcement activities. Second, it contends that because the Corporation sued "The Rhode Island Department of Environmental Management, by and through its Director, W. Michael Sullivan," rather than "W. Michael Sullivan, in his capacity as Director of The Rhode island Department of Environmental Management," the Defendant enjoys sovereign immunity.

Neither of these positions has merit, and neither stands as an obstacle to this Court properly enjoining the Defendant from violating the balance of federal and state laws and, consequently, the Constitution.

[2] Defendant states that "A brief detailing non-pre-emption will be filed shortly containing grounds for dismissal." Defendant's Memorandum at 15.

## II. ARGUMENT

### A. ABSTENTION IS NOT APPROPRIATE IN THIS CASE

Unless the Court finds that a case falls within one of certain limited, specified exceptions, "federal courts have a 'virtually unflagging obligation . . . to exercise the jurisdiction given them.'" *Rio Grande Cmty. Health Ctr., Inc. v. Rullan*, 397 F.3d 56, 68 (1st Cir. 2005) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)); *see also Sevigny v. Employers Ins. of Wausau*, 411 F.3d 24, 30 (1st Cir. 2005) (federal courts have a "duty … to exercise jurisdiction."). Here, there is no question but that this Court has jurisdiction over the subject matter of this litigation, which comprises the supremacy of federal law, including an order of this Court, over conflicting state law, which the Defendant seeks to enforce against the Corporation. *Aroostook Band of Micmacs v. Ryan*, 404 F.3d 48, 61 (1st Cir. 2005) (recognizing implied right of action under 28 U.S.C. § 1331 for matters arising under Supremacy Clause).[3] With respect to its abstention arguments, the question presented by the Defendant's opposition is therefore whether abstention principles require that this Court refrain from otherwise proper exercise of jurisdiction. Although the Defendant has presented an array of possible abstention theories in support of its arguments, none of those has any application in this case.

#### 1. The Court May Not Decline to Exercise Jurisdiction on The Basis of *Younger v. Harris.*

The Defendant's first abstention theory is predicated on the Supreme Court's decision in *Younger v. Harris*, 401 U.S. 37 (1971). Although the Defendant correctly states that *Younger* generally stands for the proposition that federal courts should not enjoin ongoing state criminal proceedings (*see*, *e.g.*, Defendant Memorandum at 2-3), the doctrine is not nearly broad enough

[3] This Court has federal question jurisdiction, pursuant to 28 U.S.C. § 1331, to examine whether, in fact, state laws and regulations are preempted by federal law. *See, e.g., Aroostook Band of Micmacs v. Ryan*, 404 F.3d 48, 56-57 (1st Cir. 2005) ("the Supreme Court has long recognized a federal cause of action for allegations that a state officer's enforcement of state law would violate federal rights.").

to encompass the injunctive relief sought by the Corporation. As the First Circuit has observed, *Younger* abstention is not a bar to all "interference" with state judicial activities, but only applies in "certain instances." *Rio Grande Cmty. Health Ctr., Inc. v. Rullan*, 397 F.3d 56, 68-69 (1st Cir. 2005).

The Defendant paints the doctrine of *Younger* abstention with a broad brush, declaring that "the scope of the judicial policy that the case represents is not [] limited" "to formally pending state prosecutions" and suggesting that no matter how one characterizes the current status of the "proceedings" involving Defendant's intention to enforce preempted state laws against the Corporation, the principle of comity requires abstention in this case. *See* Defendant's Memorandum at 6-9. In fact, the abstention analysis required by *Younger* and its progeny is well-defined. Applying the requisite analysis to the situation presented in this case, this Court may properly exercise jurisdiction over Defendant, including ordering the injunctive relief requested. As the First Circuit explained, "the Supreme Court has made it clear that it has never 'remotely suggest [ed]' that every pending state proceeding between a state and a private plaintiff justifies abstention if that private plaintiff then sues the state in federal court." *Rio Grande Cmty. Health Ctr.*, 397 F.3d at 70 (quoting *Moore v. Sims*, 442 U.S. 415, 423 n. 8 (1979)). Indeed, this Court's actions "'may well affect, or for practical purposes pre-empt, a future – or, as in the present circumstances, even a pending – state-court action,'" and yet *Younger* abstention would still be inappropriate. *Id.* at 71 (quoting *New Orleans Public Serv., Inc v. Council of City of New Orleans*, 491 U.S. 350, 373 (1989) ("*NOPSI*")). As the Supreme Court put it, "[s]uch a broad abstention requirement would make a mockery of the rule that only

exceptional circumstances justify a federal court's refusal to decide a case in deference to the States." *NOPSI*, 491 U.S. at 368.[4]

*Younger* abstention is implicated only where three express requirements are met: "(1) there is an ongoing state judicial proceeding involving the federal plaintiff that (2) implicates important state interests and (3) provides an adequate opportunity for the federal plaintiff to assert his federal claims." *Local Union No. 12004 v. Massachusetts*, 377 F.3d 64, 77 (1st Cir. 2004) (citing *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 432 (1982)). In order for *Younger* abstention even to be implicated in the first instance, therefore, there must be some ongoing state proceedings in favor of which a federal court might abstain from deciding the issues otherwise properly before it. There are no such "proceedings" in this case.

No action taken by Rhode Island, through any of its various officers and agencies, has initiated any "proceeding" in which the Corporation is involved. The mere issuance, by the Rhode Island Department of Environmental Management of the August 16, 2005 Notice of Intent to Enforce out-of-state waste laws and regulations against the Corporation (*see* Complaint ¶ 19) cannot constitute a "proceeding," and the Defendant does not contend that it does. *See Southern Union v. Lynch*, 321 F. Supp. 2d 328, 337 (D.R.I. 2004) ("it would be absurd" to

---

[4] In arguing that *Younger* abstention should apply no matter what the Court concludes with respect to the ***actual*** standards for application of *Younger*, Defendant relies heavily on dicta and broad jurisprudential language dissuading federal courts from "piecemeal" interference with state court adjudication of state law questions. *See, e.g.*, Defendant's Memorandum at 4-6, 8-9. Even assuming the validity of such principles, they have no application in this case. The Corporation is not bringing a federal challenge to a single aspect of a prosecution, the process by which state action has been commenced or is being pursued, or any other aspect of state enforcement activities that might result in *de facto* federal court oversight or intermeddling with state court proceedings, yet these are precisely the situations involved in the cases relied upon by the Defendant. *See, e.g., Law Firm of Daniel P. Foster, P.C. v. Dearie*, 613 F. Supp. 278, 280 (E.D.N.Y. 1985) (action brought pursuant to 42 U.S.C. § 1983 to enjoin use of evidence allegedly obtained in violation of constitutional principles); *see also Barr v. Abrams*, 641 F. Supp. 547, 554 (S.D.N.Y. 1986) (counseling against the use of a "civil rights action as a combative defense against a criminal prosecutor's conduct of an investigation"). By contrast, this challenge is animated by the fact that the state laws and regulations at issue are, *in their entirety*, preempted by federal law. *See* Complaint ¶¶ 32-36. Comity does not require abstention where the state has no legitimate interest in its enforcement activities; thus *Younger* abstention will not be applied "in a case of clear preemption." *Bud Antle, Inc. v. Barbosa*, 45 F.3d 1261, 1273 (9th Cir. 1994).

conclude that ongoing state proceedings exist on basis of Notices of Violation where no enforcement activities followed for over two years); *see also* Defendant's Memorandum at 3-4 (arguing only that existence of search warrant justifies finding of pending criminal prosecution). The Defendant therefore asks this Court to conclude that the fact that a search warrant issued on October 12, 2005 – nearly six months ago – is sufficient, standing alone, for this Court to conclude that there is some ongoing criminal proceeding pending against the Corporation that might, somehow, eventually yield a forum in which the Corporation can adequately present its federal claims. *See* Complaint ¶ 20; *see also* Defendant's Memorandum at 3-4. This argument is entirely without merit.

Neither this Court, nor the First Circuit, nor any Rhode Island court has ever held that, as a matter of law, the issuance of a search warrant constitutes the commencement of "state proceedings." Defendant relies on *Nick v. Abrams*, a case from the Southern District of New York, to argue the contrary, but that case was a product of New York law, including a statutory analysis that has no analogue under Rhode Island law. 717 F. Supp. 1053, 1056 (1989) (construing N.Y. Crim. Proc. Law §1.20(18) (McKinney 1981)). The same holds true for the other decisions relied upon by the Defendant; each decision is grounded in an analysis of state law. *See Texas Ass'n of Business v. Earle*, 388 F.3d 515, 520-21 (5th Cir. 2004) (Texas law)[5]; *Kaylor v. Fields*, 661 F.2d 1177, 1182 (8th Cir. 1981) (Arkansas law)[6]; *Law Firm of Daniel P. Foster, P.C. v. Dearie*, 613 F. Supp. 278, 280 (E.D.N.Y. 1985) (New York law; case involved collateral attack on enforceability of subpoena); *Notey v. Hynes*, 418 F. Supp. 1320, 1326

---

[5] In *Texas Ass'n of Business*, the Fifth Circuit expressly noted that there is a split of authority among the circuit courts of appeal on the question of whether the existence of grand jury proceedings in which subpoenas have been issued constitutes "ongoing state proceedings" for purposes of *Younger* abstention. 388 F.3d at 519-20.

[6] Considering the significance of the *Kaylor* decision, the Third Circuit has noted that its decision with respect to whether grand jury proceedings constitute the type of proceedings implicating *Younger* abstention was "probably [] dictum" and, in any event, offered no analysis of the issue. *Monoghan v. Deakins*, 798 F.2d 632, 636 n. 5 (1986).

(E.D.N.Y. 1976) (New York law). The Defendant makes no attempt to argue that any Rhode Island law or precedent would support a finding that a single search warrant, issued half a year earlier and not followed by any other activity, should constitute "ongoing state proceedings." Indeed, Defendant has performed no analysis of Rhode Island law whatsoever.

Even if there were some Rhode Island authority to the effect that the issuance and execution of a search warrant constitutes the initiation of "ongoing state proceedings" – and the Corporation is not aware of any – this Court must consider the issue on the basis of the abstention principles laid down by the Supreme Court to determine if the "proceedings" to which the Defendant refers might be "adequate" for abstention purposes. Clearly, they are not. Even a cursory consideration of these issues justifies the conclusion that, in Judge Smith's words, it would be "absurd" to conclude that there exists any state proceeding in which the Corporation might hope to pursue its constitutional claim. *Southern Union*, 321 F. Supp. at 337. From a common-sense perspective, the question is simple: If this Court abstains, where does the Corporation turn for relief? To what court, administrative board, or other adjudicative body may the Corporation present its claim that federal law preempts Rhode Island's environmental regulations in this limited context? The answer, of course, is that there is no such body, because there are no such proceedings underway.[7]

[7] With no apparent recognition of the inconsistency, Defendant argues simultaneously that (1) there is an ongoing state criminal proceeding sufficient to implicate *Younger* abstention, and (2) the Corporation's fear of prosecution is merely "imaginary or speculative" and as a consequence there is no "case or controversy" required for this Court to have subject matter jurisdiction over this dispute. Defendant's Memorandum at 7, 12-13 (quoting *Younger*, 401 U.S. at 42). Even if one were to consider these arguments to be in the alternative, there is no merit to the contention that this case does not present an actual, live controversy. The Defendant's threatened enforcement, and its issuance of a Notice of Intent to Enforce, is sufficient to permit review in this Court. *See generally Southern Union*, *supra* (issuing declaratory judgment on federal preemption claim where sole enforcement activity by the State of Rhode Island was the issuance of Notices of Violation); *see also Steffel v. Thompson*, 415 U.S. 452, 462 (1974) (plaintiffs need not place themselves "between the Scylla of intentionally flouting state law and the Charybdis of forgoing … constitutionally protected activity") and *Aroostook Band of Micmacs v. Ryan*, 404 F.3d 48, 65-66 (1st Cir. 2005) (noting that investigatory activities suffice to provide subject matter jurisdiction).

The Third Circuit has carefully considered this issue, and its reasoning is entirely applicable here:

> The holdings and rationales of these cases adumbrate a clear line: *Younger* abstention is appropriate only when there is pending a proceeding in which a state court will have the authority to adjudicate the merits of a federal plaintiff's federal claims. Indeed, the [Supreme] Court emphasized in *Middlesex County* that the critical factor was the availability in the pending state proceeding of an adequate opportunity to adjudicate the constitutional claims raised in the federal litigation. 457 U.S. [423] at 432 [(1982).]
>
> The defendant state officials do not urge that a New Jersey grand jury has the authority to adjudicate anything. A grand jury proceeds *ex parte*. N.J. Crim.Prac.R. 3:6-6. It can issue an indictment, which is no more than a charge that the defendant has violated the criminal law. Only when such a charge is filed does there commence a judicial proceeding that affords the adjudicatory opportunity that *Hawaii Housing* [*Authority v. Midkiff*, 467 U.S. 229 (1984)] and *Middlesex County* require. No indictment had been returned against the plaintiffs at the time they filed their complaint in the district court. Thus there was not, for *Younger* purposes, any ongoing state proceeding warranting abstention by the district court.

*Monoghan v. Deakins*, 798 F.2d 632, 636-37 (3$^{d}$ Cir. 1986).[8] This rationale applies with even greater force here. The Defendant makes no reference to grand jury proceedings, only to the State of Rhode Island having "obtained a search warrant from the Rhode Island District Court." Just as under New Jersey law, grand juries do not have "authority to adjudicate anything," the Rhode Island State District Court lacks jurisdiction to adjudicate any alleged violation of R.I. Gen. Laws § 23-19-13.1, the violation of which is the subject of Defendant's threatened enforcement activities and the subject matter of this federal action. *Compare id.* (designating violation of out-of-waste disposal provision as punishable by up to three years imprisonment and $5,000 fine) *with* R.I. Gen. Laws § 12-3-1 (limiting criminal jurisdiction of District Court to

[8] The decision in *Monoghan* with respect to *Younger* abstention was vacated by the Supreme Court on the grounds that the issue had been mooted while an appeal was pending to that Court. *Deakins v. Monaghan*, 484 U.S. 193, 199-201 (1988).

matters "punishable by a fine not exceeding one thousand dollars ($1,000) or by imprisonment not exceeding one year, or both"). In short, there is no "proceeding" at all.

Even if one were to credit the Defendant's basic point, however, that the issuance of a search warrant suffices to instigate criminal proceedings within the meaning of *Younger*, neither of the other two prongs applicable to *Younger* abstention is satisfied. Neither of these factors – the existence of an important state interest and the adequacy of the forum for adjudication of federal claims – is even addressed by the Defendant. Both logically and in accord with prior application of the *Younger* doctrine, the Defendant cannot meet either portion of the test.

This Court's review of the constitutionality of the application of the state laws at issue implicates no legitimate state interest. Thus the First Circuit has held that *Younger* abstention was ***inappropriate*** where it is "readily apparent" that the challenged state action is beyond the jurisdictional authority of the state. *Chaulk Services, Inc. v. Massachusetts Comm'n Against Discrimination*, 70 F.3d 1361, 1370 (1st Cir. 1995).[9] This is so because the principles of comity, on which the Defendant rests much of its argument, demands respect for the legitimate interests of "*both* the state and national governments." *Id.* (citing *Younger*, 401 U.S. at 44, and *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 10 (1987)) (emphasis in original). In this case, it is equally readily apparent that the Defendant intends to exceed its jurisdictional bounds by enforcing the state disposal statutes against the Corporation with respect to its activities at the Superfund Site. Through the Consent Decree, this Court has ordered that such laws and regulations not be applied by virtue of federal preemption. Moreover, the existence of the 1989 letter of the Rhode Island Attorney General, acknowledged by the Defendant at page two of its Memorandum, makes it "readily apparent" that even as a matter of Rhode Island law, the out-of-state waste

[9] This conclusion is entirely consonant with the Supreme Court's mandate that abstention does not apply in cases involving "bad faith, harassment, or a patently invalid state statute." *Colorado River Water Cons. Dist. v. U.S.*, 424 U.S. 800, 816 (1976).

statutes have no application to the Corporation's cleanup efforts at the Superfund Site. Because the Corporation's claim of preemption is both "readily apparent" and "facially conclusive," *Younger* abstention is inappropriate. *Id.* (citing *Bud Antle, Inc. v. Barbosa*, 35 F.3d 1355, 1365-66 (9th Cir. 1994), as amended by, 45 F.3d 1261, 1272-73 (9th Cir. 1994); *Gartrell Construction, Inc. v. Aubry*, 940 F.2d 437, 441 (9th Cir. 1991); *National R.R. Passenger Corp. v. Florida*, 929 F.2d 1532, 1537 n. 12 (11th Cir. 1991); *Southwestern Bell Tel. v. Ark. Public Service Commission*, 824 F.2d 672, 673 (8th Cir. 1987); and *Kentucky W. Va. Gas Co. v. Pennsylvania Pub. Util. Comm'n*, 791 F.2d 1111, 1115 (3d Cir. 1986)).[10]

Finally, regardless of whether "proceedings" exist and whether such proceedings implicate an important state interest, *Younger* abstention is inappropriate because there exists no state-level forum in which the Corporation may present its present federal claims. Any charge that the Corporation violated R.I. Gen. Laws § 23-19-13.1 would be a felony, beyond the reach of the state District Court, which is the sole judicial body involved, in any respect, with the present case. It follows that the only forum identified by the Defendant, the state District Court, is jurisdictionally inadequate to adjudicate an actual charge of the violation of the state laws at issue. If the Corporation were charged, there would presumably be some new proceeding in the Rhode Island Superior Court. That would be a different "proceeding" from any that presently exists, however. For *Younger* abstention to apply, there needs to be more than a state proceeding; there must be a state proceeding that "provide[s] an adequate opportunity for the complaining party to present its federal claims." *Esso Standard Oil v. Cotto*, 389 F.3d 212, 218 (1st Cir. 2004) (citing *Middlesex County*, 457 U.S. at 435). A Superior Court proceeding might amount to an adequate forum for *Younger* purposes, but whatever has happened to this point

[10] In *Local Union 12004 v. Massachusetts*, 377 F.3d 64 (1st Cir. 2004), the First Circuit again noted the exception to *Younger* abstention in cases of "facially conclusive" preemption. *Id.* at 77.

clearly does not. The Corporation cannot assert its federal law claims in some presumed, long dormant, "proceeding" in the state District Court, and therefore *Younger* abstention is not even triggered in this case.

### 2. **Even If The Three-Prong Test for *Younger* Abstention Were Satisfied, Abstention Would Be Inappropriate Because The State Laws Are Being Enforced in Bad Faith.**

As noted above, the Supreme Court has limited the circumstances under which abstention is appropriate by noting that it does not apply in cases involving "bad faith, harassment, or a patently invalid state statute." *Colorado River Water Cons. Dist. v. U.S.*, 424 U.S. 800, 816 (1976). *See also Maymo-Melendez v. Alvarez-Ramirez*, 364 F.3d 27, 37 (1st Cir. 2004) (citing *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611-12 (1975)). In this case, the threatened enforcement of the statutes and regulations at issue is demonstrably done in bad faith. The Defendant has pursued its claim that the Corporation violated R.I. Gen. Laws § 23-19-13 by using processed bottom ash from outside Rhode Island notwithstanding (1) the stated opinion of the Rhode Island Attorney General that the use of such material as fill does not implicate the law; (2) the Defendant's actual knowledge that its laws and regulations were preempted by the terms of the Consent Decree with respect to cleanup activities at the Superfund Site; and (3) the Defendant's knowledge of and acquiescence to the use of such ash, and its source, throughout the process in which the Corporation used the material at the Superfund Site. Proof of these matters is beyond the scope of this Memorandum, and the Corporation intends to offer evidence of each of these points at a hearing on its Motion for Preliminary Injunction, if necessary. Nevertheless, the Corporation makes this offer of proof in the event the Court concludes that, in the absence of such information, the *Younger* abstention doctrine applies in this case.

### 3. **Absent "Ongoing State Proceedings," No Doctrine Prohibits Injunctive Relief as Requested by The Corporation.**

There is no bar to federal courts enjoining state actors from enforcing or prosecuting violations of state law under appropriate circumstances. To create the illusion of such a bar, the Defendant misconstrues applicable precedent to fashion an argument that the *Younger* "rationale has effectively closed the door of the federal courthouse to all injunctive challenges to state pre-prosecutorial activities, except in extraordinary circumstances." Defendant's Memorandum at 8. This materially misstates the law. Neither the *Steffel v. Thompson* case nor any of the other cases cited by Defendant prohibit, or even materially alter, the standards governing the issuance of an injunction in cases similar to this one. To the extent the issuance of an injunction against state enforcement of state law is available only in "extraordinary circumstances," that is because the circumstances under which an injunction might be warranted are themselves extraordinary; there is no heightened burden on plaintiffs to demonstrate the need for such relief solely because the party enjoined is a state.

The Supreme Court's decision in *Steffel* is illuminating. As the Defendant points out, *Steffel* involved a pre-prosecutorial challenge to anticipated criminal trespass charges that the plaintiff feared would be filed in the event he engaged in certain "handbilling" activities. 415 U.S. 452, 455-56. The *Steffel* decision analyzed the critical question – fully applicable here – "whether federal intervention might be permissible in the absence of a pending state prosecution." *Id.* at 461. The Supreme Court held that yes, federal intervention is permissible where there is no pending state action. *Id.* at 475. In reaching this conclusion, the Court did, as the Defendant suggests, consider the availability of the equitable remedy of a declaratory judgment, and it contrasted that remedy with the more robust remedy of injunction. *Id.* at 463. It did not, however, hold that injunctive relief was barred, or that there was any unique or new standard for determining if injunctive relief should issue under such circumstances. Rather, the

Supreme Court observed that (1) the lower court had found that injunctive relief was not warranted on the facts of the case, and (2) that the plaintiff had since abandoned his request for injunctive relief. *Id.* With respect to injunctions, the Court merely held that declaratory relief may be available even in the absence of the factors that might justify injunctive relief. *Id.* at 471. The Supreme Court did not change the "traditional" standards for an award of injunctive relief or pronounce some new rule applicable in cases alleging federal preemption, and has not done so since.[11]

None of the other cases relied upon by the Defendant stands for any different proposition. The matter of *Rizzo v. Goode*, 423 U.S. 362 (1976) did not address the propriety of injunctive relief in preemption cases *per se*, but rather only articulated the natural extension of existing preemption principles to state entities other than courts. *Id.* at 561; *see also* Defendant's Memorandum at 9. Likewise, *O'Shea v. Littleton* involved a set of facts very different from those presented in this case. As the Supreme Court explained, the plaintiffs in *O'Shea* did "not seek to strike down a single state statute, either on its face or as applied; nor do they seek to enjoin any criminal prosecutions that might be brought under a challenged criminal law. In fact, [they] apparently contemplate[d] that prosecutions will be brought under seemingly valid state laws." 414 U.S. 488, 500 (1974). The Supreme Court found abstention appropriate in *O'Shea* because the type of challenge being brought, if permitted, would be "intrusive and unworkable." *Id.* at 501. "Moreover, it would require for its enforcement the continuous supervision by the federal court over the conduct of the petitioners in the course of future criminal trial proceedings involving any of the members of the respondents' broadly defined class." *Id.* In sum, *O'Shea*

[11] To the extent the Defendant relies on *Steffel* to support the proposition that injunctions generally should issue only in exceptional circumstances (*see, e.g.*, Defendant's Memorandum at 7), that conclusion should be neither surprising nor innovative. That maxim applies in all cases. *See, e.g.*, *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982) (noting that injunction is an "extraordinary remedy"); *see also Puerto Rico Tel. Co. v. Puerto Rico Telecommunications Auth.*, 189 F.2d 39, 41 (1st Cir. 1951) (same).

does not stand for the proposition that federal courts should not enjoin enforcement of preempted state laws, but rather that federal courts should abstain from "abrasive and unmanageable intercession" into the daily workings of state courts. *Id.* at 504.

4. ***Burford* Abstention Is Inapplicable**

The Defendant's contention that the abstention principle set down in *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943) counsels abstention in this case is entirely unfounded. "The fundamental concern in *Burford* is to prevent federal courts from bypassing a state administrative scheme and resolving issues of state law and policy that are committed in the first instance to expert administrative resolution." *Sevigny v. Employers Ins. of Wausau*, 411 F.3d 24, 27 (1st Cir. 2005) (quoting *Pub. Serv. Co. of N.H. v. Patch*, 167 F.3d 15, 24 (1st Cir. 1998)). The First Circuit has suggested that the Supreme Court's subsequent *NOPSI* opinion, *supra*, articulated the basic standard for applying *Burford*, such that, while abstaining from interfering with state-agency administration of state regulatory schemes remains a priority, that priority is qualified by "an awareness that some issues arising in or bearing upon such a proceeding can be litigated in federal court without threatening state policy — and also that there is sometimes a special federal interest ... that *Burford* abstention might imperil." *Id.* at 28.

*Burford* abstention has no place in this case. There is no complex agency-administered regulatory scheme imperiled by the Corporation's claims. There is no difficult question of state law "that must be untangled before the federal case can proceed." *See* Defendant's Memorandum at 11 (quoting *McNeese v. Bd. of Education for Community Unit School Dist. 187, Cahokia*, 373 U.S. 668, 674 (1963)). By contrast, this case presents a clear and singular question of federal law: Does the Consent Decree, in combined effect with applicable federal laws and regulations, preempt state laws and regulations with respect to the Corporation's activities at the

Superfund Site? Just as in *McNeese*, this is not a question of state law; the Court need not explore the meaning or effect of Rhode Island's prohibition of the deposit of out-of-state waste. Either federal law preempts the state law, or it does not. The standard cannot be merely that there is a state law involved in the case. If that were so, it would be impossible even to imagine a situation in which a plaintiff alleged federal preemption of a state law that would not be subject to *Burford* abstention. That is most certainly not the case. *See, e.g.*, *Southern Union, supra* (reviewing alleged preemption of regulations promulgated by Rhode Island Department of Labor and Training); *see also Attrezzi v. Maytag Corp.*, 436 F.3d 32 (1st Cir. 2006) (reviewing alleged preemption of state unfair competition laws), *Liberty v. Municipality of Caguas*, 417 F.3d 216 (1st Cir. 2005). Of course, scores of other cases stand for this same proposition: *Burford* abstention does not apply where issues of state law are not of singular importance to the litigation. *See Colorado River Water Cons. Dist. v. United States*, 424 U.S. 800, 814 (1976). That is not the case here, and abstention would be inappropriate.

**5. <u>The Anti-Injunction Act Does Not Bar Injunctive Relief.</u>**

The Defendant next suggests that the Anti-Injunction Act, 28 U.S.C. § 2283 "complicates" the Corporation's request for injunctive relief. It does not. As the Defendant candidly acknowledges, the Anti-Injunction Act only applies to pending proceedings and, as explained above, there are no such proceedings. While the Defendant attempts to conflate the Anti-Injunction Act's requirement of pending "proceedings" with the term as it is used in the context of *Younger* abstention (*see* Defendant's Memorandum at 11), the Anti-Injunction Act has been held to be no bar where there is not a ***pending state court action***. *See Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 387-88 (5th Cir. 2003). Although the Act's application is comprehensive with respect to the different aspects of a court action that trigger the Act's

prohibition, there is no basis to apply the Act where there is no court action whatsoever. *Id.*; *see also Hill v. Martin*, 296 U.S. 393, 403 (1935) (construing predecessor of Anti-Injunction Act to apply to "all steps taken or which may be taken in the state court or by its officers from the institution to the close of the final process").

Additionally, it should be noted that even if it were applicable here, the Anti-Injunction Act would pose no obstacle to an injunction against the Defendant entering onto the Superfund Site or initiating administrative enforcement proceedings because it applies only to ongoing state ***court*** proceedings. *SMA Life Assur. Co. v. Sanchez-Pica*, 960 F.2d 274, 276 (1st Cir. 1992) ("the appellate courts seem to agree that the Act applies only to state courts"). *See also Entergy, Arkansas v. Nebraska*, 210 F.3d 887, 900 (8th Cir. 2000) (collecting cases in support of proposition that "every circuit to have addressed the question [whether the Anti-Injunction Act applies to state administrative proceedings] has held that it does not.").

**6. <u>The Corporation Has Properly Pled Its Claim Against The Defendant.</u>**

Finally, the Defendant contends that because the Corporation sued "The Rhode Island Department of Environmental Management, by and through its Director, W. Michael Sullivan," rather than "W. Michael Sullivan, in his capacity as Director of The Rhode island Department of Environmental Management," this matter is not pled properly to qualify for the *Ex parte Young* exception to sovereign immunity. This argument is without merit and, even if credited, should not stand as a bar to the injunctive relief sought, but should at most be cause to have the Corporation to amend the case caption.

The central holding, for present purposes, of the *Ex parte Young* decision of the Supreme Court is that with respect to states and state agencies, plaintiffs may only obtain prospective equitable relief against state agents and officers, and not against the state or its agencies *qua*

public entities. *Ex parte Young*, 209 U.S. 123, 159-60 (1908); *see also Kentucky v. Graham*, 473 U.S. 159, 167 (1985). The First Circuit has recently explained what is required for a well-pleaded complaint under *Ex parte Young*: it must be apparent from the face of the complaint that (1) the plaintiff seeks to vindicate a federal right, either in the form of a federal cause of action or a state-law cause of action implicating an important federal issue, and (2) that it seeks relief from state officers or agents. *Aroostook Band of Micmacs v. Ryan*, 404 F.3d 48, 56-57 (1st Cir. 2005). The Corporation's complaint clearly meets this standard. Its action for a declaration and related equitable relief based on federal preemption of state law is unquestionably a federal cause of action. *Id.* The Corporation expressly identified the Defendant as the Rhode Island Department of Environmental Management, ***by and through its Director***" (emphasis added). It is therefore apparent from the face of the Complaint that each of the *Ex parte Young* requirements is met.

The Defendant, however, apparently contends it to be a fatal defect for the Corporation to have failed to state expressly what is clearly implied in referring to W. Michael Sullivan as the "Director" of the Department of Environmental Management: that he is being sued in his official capacity. Defendant's Memorandum at 13-15. Also, in a single line without authority or explication, the Defendant contends that "the body of the complaint is deficient." *Id.* at 15. The Corporation cannot respond to such a reference because it cannot understand its import.

In any event, the Defendant is simply wrong when it contends that this is a "novel pleading formulation" that does not satisfy *Ex parte Young*. As this Court may well recall, in the matter of *Young v. City of Providence*, C.A. No. 01-288 (D.R.I.), the initial defendant was identified as "City of Providence by and through its treasurer, Stephen Napolitano." That matter proceeded through this Court, and to the First Circuit, without any contention that suing a municipal entity "by and through" its individual officer was somehow defective or

inappropriate.[12] There is nothing new or different here, and there is no capacity for confusion as to whether the Corporation seeks to enjoin the Department of Environmental Management or its Director, or whether the Director has been sued in his official capacity or not. He is named because he is the Director of the Department of Environmental Management and named solely in such capacity.

## III. CONCLUSION

For the foregoing reasons, and for the reasons set forth in the Corporation's Motion and initial Memorandum of Law in support thereof, the Corporation respectfully requests that a preliminary injunction issue.

Dated: April 10, 2006

RHODE ISLAND RESOURCE RECOVERY CORPORATION

By its Attorneys,

Patricia K. Rocha (#2793)
R. Bart Totten (#5095)
Jeffrey K. Techentin (#6651)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
(401) 274-9200
(401) 351-4607 (Fax)

Raymond M. Ripple

Richard A. Sherman (#1190)
Raymond M. Ripple (#6489)
EDWARDS ANGELL PALMER
& DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (Fax)

[12] It should also be noted that the body of the complaint in the *Young v. City of Providence* matter did not specifically identify Mr. Napolitano as being sued in his official capacity.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 10 day of April, 2006, I caused a true and accurate copy of the foregoing Reply Memorandum of Law in Support of Motion for Preliminary Injunction to be served by hand delivery to the following counsel of record:

John Langlois, Esq.
R.I. Department of Environmental Management
Office of Legal Services
235 Promenade Street
Providence, RI 02908

Michael Rubin
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903

Marianna Stanley

*377616_1*