UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>RHODE ISLAND SOLID WASTE MANAGEMENT CORPORATION,<br>Defendant. | Civil Action No. 96-408-P |

COMPLAINT

The United States of America, by and through the undersigned attorneys, by authority of the Attorney General and acting at the request of the Administrator of the Environmental Protection Agency ("EPA"), alleges:

STATEMENT OF THE CASE

1. This is a civil action under Sections 106 and 107 of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9606, 9607.

2. The United States in its complaint seeks: (a) reimbursement of costs incurred and to be incurred by EPA and the Department of Justice for response actions at Operable Unit 1 at the Central Landfill Superfund Site in Johnston, Rhode Island (the "Site"), together with accrued interest; and (b) performance of response work by the Defendant at the Site consistent with the National Contingency Plan, 40 C.F.R. Part 300 (as amended) ("NCP").

JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345, and 42 U.S.C. §§ 9606(a), 9607(a), and 9613(b).

4. This Court also has personal jurisdiction over the Defendant pursuant to 28 U.S.C. § 1391(b), because the claims arose and the threatened and actual releases of hazardous substances occurred in the District of Rhode Island.

5. Venue is proper in this district pursuant to 42 U.S.C. §§ 9606(a) and 9613(b), and 28 U.S.C. § 1391(c).

DEFENDANTS

6. Defendant Rhode Island Solid Waste Management Corporation ("RISWMC") is a Rhode Island public corporation. RISWMC is the current owner and operator of the Site.

THE SITE

7. The RISWMC purchased the Site in December, 1980. The 154-acre Site is comprised of two areas: a 121-acre area (Phase 1), and a 33-acre expansion area.

8. Prior to 1980, the Phase 1 area was used for the disposal of an unknown amount of waste containing hazardous substances. The Phase 1 area includes a "hot spot" comprising approximately one-half acre, which received about 1.5 million gallons of manifested hazardous wastes between 1976-1979. On information and belief, from 1980 to 1993, when it reached its capacity, the Phase 1 area was used for the disposal of only municipal solid waste.

9. In 1986, pursuant to Section 105 of CERCLA, 42 U.S.C. § 9605, EPA placed the Site on the National Priorities List, set forth at 40 C.F.R. Part 300, Appendix B. The National Priorities List is a national list of hazardous wastes sites posing the greatest threat to health, welfare, and the environment.

10. Pursuant to 40 C.F.R. § 300.430, and under the oversight of EPA, RISWMC conducted a Remedial Investigation and Feasibility Study ("RI/FS") for the First Operable Unit at the Site from 1987 - 1993. Hazardous substances found in the soil, groundwater, surface water, and wetlands at and in the vicinity of the Site during the RI/FS include arsenic, beryllium, manganese, vanadium, bis (2-ethylhexyl) phthalate, benzene, 1,2-dichlorobenzene and 1-2-dichloroethane. The decision by EPA on the remedial action to be implemented for the First Operable Unit at the Site is embodied in the Record of Decision ("OU1/ROD"), executed on June 17, 1994.

11. There were and continue to be releases and threatened releases, within the meaning of Section 101(22) of CERCLA, 42 U.S.C. § 9601(22), of hazardous substances at the Site.

12. The Site is a facility within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

13. Hazardous substances, within the meaning of Section 101(14) of CERCLA, 42 U.S.C. § 9601(14), have been

treated, stored, or disposed of at the Site. Such hazardous substances have been found at the Site.

14. The United States has incurred at least $1,680,244.64 in response costs (including interest) through May 25, 1994, which costs were not inconsistent with the National Contingency Plan, to respond to the releases or threatened releases of hazardous substances at the Site. The Defendant has reimbursed the United States for $1,143,937.30 of those costs.

FIRST CLAIM FOR RELIEF

15. Paragraphs 1-14 are realleged and incorporated herein by reference.

16. Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), provides in pertinent part:

> (1) the owner and operator of a vessel or a facility, shall be liable for--
>
> > (A) all costs of removal or remedial action incurred by the United States Government or a State not inconsistent with the national contingency plan....

17. The Defendant is liable under Section 107(a)(1) of CERCLA, 42 U.S.C. § 9607(a)(1), as the owner or operator of a facility.

18. The Defendant is jointly and severally liable to the United States pursuant to CERCLA Section 107(a), 42 U.S.C. § 9607(a), for all response costs incurred by the United States in connection with Operable Unit.

SECOND CLAIM FOR RELIEF

19. Paragraphs 1-14 are realleged and incorporated herein by reference.

20. Section 106(a) of CERCLA, 42 U.S.C. § 9606(a), provides in pertinent part:

> [W]hen the President determines that there may be an imminent and substantial endangerment to the public health or welfare or the environment because of an actual or threatened release of a hazardous substance from a facility, he may . . . secure such relief as may be necessary to abate such danger or threat . . .. The President may also, after notice to the affected State, take other action under this section including, but not limited to, issuing such orders as may be necessary to protect public health and welfare and the environment.

21. The President, through his delegate, the Regional Administrator of the U.S. EPA Region I, has determined that there is or may be an imminent and substantial endangerment to the public health or welfare or the environment at the Site related to OU1.

22. Section 106(a) of CERCLA, 42 U.S.C. § 9606(a), authorizes the United States to bring an action to secure such relief as may be necessary to abate the danger or threat at the Site.

23. The Defendant is liable to the United States to abate the danger or threat at the Site related to OU1.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff, the United States of America, respectfully requests that:

1. Defendant be ordered to reimburse the United States for all response costs incurred and to be incurred by the United States relating to OU1, plus interest; and

2. Defendant be ordered to perform the remedy set forth in the OU1 ROD;

3. The Court grant such other and further relief as the Court deems appropriate.

Respectfully submitted,

Lois J. Schiffer
Assistant Attorney General
Environment and Natural Resources
Division

Cynthia S. Huber, Senior Attorney
Environmental Enforcement Section
Environment and Natural Resources
Division
Department of Justice
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044
(202) 514-5273

Sheldon Whitehouse
United States Attorney
District of Rhode Island

Michael Iannotti
Assistant United States Attorney
District of Rhode Island

OF COUNSEL:
Joanna Jerison
EPA Region 1
Boston, MA 02203