**Central Landfill RD/RA Consent Decree**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RHODE ISLAND SOLID WASTE MANAGEMENT CORPORATION<br><br>Defendant. | CIVIL ACTION NO. |

CONSENT DECREE

I. BACKGROUND

A. The United States of America ("United States"), on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), filed a complaint in this matter pursuant to Sections 106 and 107 of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9606, 9607.

B. The United States in its complaint seeks, inter alia: (1) reimbursement of costs incurred and to be incurred by EPA and the Department of Justice for response actions at the Central Landfill Superfund Site in Johnston, Rhode Island, together with accrued interest; and (2) performance of studies and response work by the Defendant at the Site consistent with the National Contingency Plan, 40 C.F.R. Part 300 (as amended) ("NCP").

C. In accordance with the NCP and Section 121(f)(1)(F) of

CERCLA, 42 U.S.C. § 9621(f)(1)(F), EPA notified the State of Rhode Island (the "State") through Rhode Island Department of Environmental Management ("RIDEM"), in September 1993, of negotiations with a potentially responsible party regarding the remedial design and remedial action for the Site, and EPA has provided the State with an opportunity to participate in such negotiations.

D. In accordance with Section 122(j)(1) of CERCLA, 42 U.S.C. § 9622(j)(1), EPA notified the Department of Interior ("DOI") and the National Oceanic and Atmospheric Administration ("NOAA") on September 2, 1993 of negotiations with a potentially responsible party regarding the release of hazardous substances that may have resulted in injury to the natural resources under Federal trusteeship and encouraged the trustees to participate in the negotiation of this Consent Decree.

E. The State, which created the Rhode Island Solid Waste Management Corporation ("RISWMC") to own and operate the Central Landfill, is a participant in the landfill services market and has entered that market for the purpose of serving the citizens, residents and municipalities of the State. The State created and established RISWMC as a public corporation under R.I.G.L. 23-19-1 et. seq. for the purpose of providing for the State's solid waste needs.

F. The State's participation in RISWMC includes but is not

Register on June 10, 1986, 51 Fed. Reg. 21054.

J. In response to a release or a substantial threat of a release of a hazardous substance(s) at or from the Site, the Settling Defendant commenced, on April 3, 1987, a Remedial Investigation and Feasibility Study ("RI/FS") for the Site pursuant to 40 C.F.R. § 300.430.

K. The Settling Defendant completed a Remedial Investigation ("RI") Report on June 8, 1993, and a Feasibility Study ("FS") Report in December 1993.

L. Pursuant to Section 117 of CERCLA, 42 U.S.C. § 9617, EPA published notice of the issuance of the FS Report and of the proposed plan for remedial action on February 1, 1994, in a major local newspaper of general circulation. EPA provided an opportunity for written and oral comments from the public on the proposed plan for remedial action. A copy of the transcript of the public meeting is available to the public as part of the administrative record upon which the Regional Administrator based the selection of the response action.

M. The decision by EPA on the remedial action to be implemented at the Site is embodied in the Record of Decision ("ROD"), executed on June 17, 1994, on which RIDEM has given its concurrence. The ROD includes EPA's explanation for any significant differences between the final plan and the proposed plan as well as a responsiveness summary to the public comments.

Notice of the final plan was published in accordance with Section 117(b) of CERCLA.

N. Based on the information presently available to EPA, EPA believes that the Work will be properly and promptly conducted by the Settling Defendant if conducted in accordance with the requirements of this Consent Decree and its appendices.

O. Solely for the purposes of Section 113(j) of CERCLA, the Remedial Action selected by the ROD and the Work to be performed by the Settling Defendant shall constitute a response action taken or ordered by the President.

P. Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute a final judgment between the United States and Settling Defendant. The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54(b).

Q. The Parties recognize, and the Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith, that implementation of this Consent Decree will expedite the cleanup of the Site and will avoid prolonged and complicated litigation between the Parties, and that this Consent Decree is fair, reasonable, and in the public interest.

NOW, THEREFORE, it is hereby Ordered, Adjudged, and Decreed:

7. Compliance With Applicable Law

All activities undertaken by the Settling Defendant pursuant to this Consent Decree shall be performed in accordance with the requirements of all applicable federal and state laws and regulations. Settling Defendant must also comply with all applicable or relevant and appropriate requirements of all Federal and state environmental laws as set forth in the ROD and the SOW. The activities conducted pursuant to this Consent Decree, if approved by EPA, shall be considered to be consistent with the NCP.

8. Permits

a. As provided in Section 121(e) of CERCLA and §300.400(e)(1) of the NCP, no permit shall be required for any portion of the Work conducted entirely on-site. Where any portion of the Work requires a federal or state permit or approval, Settling Defendant shall submit timely and complete applications and take all other actions necessary to obtain all such permits or approvals.

b. The Settling Defendant may seek relief under the provisions of Section XIX (Force Majeure) of this Consent Decree for any delay in the performance of the Work resulting from a failure to obtain, or a delay in obtaining, any permit required for the Work if the Settling Defendant submits timely and complete applications and takes all other actions necessary to

in such property, give written notice to EPA of the proposed conveyance, including the name and address of the grantee, and the date on which notice of the Consent Decree was given to the grantee. Such transfer shall take place only if the grantee agrees, as part of the agreement to purchase or otherwise obtain the property, that it will comply with the obligations of the Settling Defendant to provide Access and Institutional Controls, as set forth in Section IX (Access and Institutional Controls) of this Decree, with respect to such property.

c. In the event that the Settling Defendant sells or otherwise transfers any interest in any portion of the Site, the Settling Defendant's obligations under this Consent Decree including, without limitation, its obligation to provide or secure Access and Institutional Controls pursuant to Section IX (Access and Institutional Controls), shall continue to be met by the Settling Defendant. In addition, if the United States approves, the grantee may perform some or all of the Work under this Consent Decree. In no event shall the conveyance of an interest in property that includes, or is a portion of, the Site release or otherwise affect the liability of the Settling Defendant to comply with the Consent Decree.

VI. PERFORMANCE OF THE WORK BY SETTLING DEFENDANT

10. The Settling Defendant shall perform the Work for the Site as described in this Decree; in the ROD, attached hereto as

Appendix A; in the SOW (which the Parties agree is consistent with the ROD), attached hereto as Appendix B; and any modifications thereto. The ROD, the SOW, and all modifications to the SOW, are hereby incorporated by reference and made a part of this Decree. The Work shall be performed in accordance with all the provisions of this Decree, the SOW, any modifications to the SOW, and all design specifications, Work Plans or other plans or schedules attached to or approved pursuant to the SOW. As described with particularity in the SOW, the major components of the Remedial Action for the Site are as follows:

a. Constructing a multilayer RCRA C cap over the currently uncapped 89 acres of the 121 acre Phase 1 landfill and incorporating the existing 32 acre RIDEM cap;

b. Extracting contaminated groundwater from the hot spot area, the location of which is described in the ROD and treating it before it is discharged to either on-site surface water or the Cranston, Rhode Island wastewater treatment plant;

c. Implementing deed restrictions on groundwater use and land development within property owned by RISWMC;

d. Long-term sampling and analysis of groundwater, surface water and air;

e. Evaluating in detail the existing landfill gas collection and combustion system; and

f. Installing a chain link fence to prevent access to components of the selected remedy as further defined pursuant to this Consent Decree.

11. In order to expedite the design of the Remedial Action at the Site, the Settling Defendant agrees, effective as a contractual obligation upon the signing of this Consent Decree by

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of United States v. Rhode Island Solid Waste Management Corporation, relating to the Central Landfill Superfund Site.

FOR THE UNITED STATES OF AMERICA

Lois J. Schiffer
Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice
Washington, D.C. 20530

Anna Swerdel
Cynthia Huber
Senior Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
Ben Franklin Station
P.O. Box 7611
Washington, D.C. 20044
(202) 514-5273

Michael P. Iannotti
Assistant United States Attorney
U.S. Attorney's Office
Westminster Square Building
10 Dorrance Street
10th Floor
Providence, RI 02903

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of United States v. Rhode Island Solid Waste Management Corporation, relating to the Central Landfill Superfund Site.

FOR THE UNITED STATES OF AMERICA

John P. DeVillars
Regional Administrator,
New England Region
U.S. Environmental Protection
Agency
JFK Federal Building
Boston, MA 02203-2211

Joanna B. Jerison
Senior Associate Regional Counsel
U.S. Environmental Protection
Agency
New England Region
JFK Federal Building
Boston, MA 02203-2211

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of United States v. Rhode Island Solid Waste Management Corporation, relating to the Central Landfill Superfund Site.

FOR RHODE ISLAND SOLID WASTE MANAGEMENT CORPORATION

Date: May 16, 1996

Sherry Giarrusso-Mulhearn
Sherry Giarrusso-Mulhearn
Acting Executive Director
Rhode Island Solid Waste Management Corporation
65 Shun Pike
Johnston, RI 02919

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: Sherry Giarrusso-Mulhearn
Title: Acting Executive Director
Address: 65 Shun Pike, Johnston, RI
Tel. Number: (401) 942-1430