State of Rhode Island and Providence Plantations
DEPARTMENT OF THE ATTORNEY GENERAL
72 Pine Street, Providence, RI 02903
(401) 274-4400
James E. O'Neil, Attorney General

July 26, 1989 A.G. Opinion No. 89-07-35

Mr. Arnold Johnson
Corporate Legal Counsel
R.I. Solid Waste Management Corporation
West Exchange Center
260 West Exchange Street
Providence, RI 02903

Dear Mr. Johnson:

This opinion replies to two separate inquiries. The first was dated March 16, 1989. The second was dated July 6, 1989. Each letter, in essence, asks whether ash generated from out-of-state sludge constitutes waste within the ban of R.I. Gen. Laws § 23-19-13.1(a), under the particular set of facts which you set forth in the respective letters.

The letter of March 16, 1989, sets forth the following circumstances: A sludge incinerator in Rhode Island incinerates both out-of-state sludge and in-state sludge. The result of this incineration is ash. The incinerator owner intends to dispose of this ash, as waste, at the Johnston Landfill. The incinerator owner gives an assurance that only so much ash would be disposed of at the Johnston Landfill as would be proportional to the amount of in-state sludge which is brought to the incinerator facility to begin with. In other words, the incinerator owner seeks to dispose at the Central Landfill only that amount of ash which represents the percentage of the sludge which comes from Rhode Island sources.

The question is whether this arrangement would be legal under R.I. Gen. Laws § 23-19-13.1(a). As you know, that section prohibits the deposit of out-of-state waste at the Central Landfill in Johnston.

My answer to this question is no, the deposit of this ash at the landfill would not be legal.

Mr. Arnold J...sen
July 19, 1989
page 2

The statute in question is clear on its face and I quote it here:

> Disposal of solid waste originating outside the state prohibited-rules and regulations
> (a) no person, firm, or corporation engaged in the business of collecting and disposing of solid waste shall deposit solid waste that is generated or collected outside the territorial limits of this state at the Central Landfill...

The question then is whether the ash constitutes waste which is generated outside of Rhode Island. Of course, the ash does not exist in the form of ash until the incineration takes place here. It is however, generated from another waste which is sludge. That sludge is waste at the time it crosses the border into Rhode Island. The incineration does not change the material's character as waste. It is solid waste both before and after the incineration. The fact that out-of-state waste is reprocessed or reduced to its constituent elements once it is within the State of Rhode Island does not change its essential character as out-of-state waste.

I recognize that only that portion of the ash which is proportional to the sludge generated within Rhode Island would be brought to the Johnston Landfill. However, the law makes no provision for crediting a generator with Rhode Island waste disposed of elsewhere.

Therefore, the proposal to dump out-of-state ash at the Johnston Landfill is invalid notwithstanding the proportionality argument.

Your July 6, 1989 letter asks whether ash which is actually used by the landfill as a genuine supply product in the landfill's operations can be acquired by the landfill where that ash is produced from out-of-state sludge. You propose to use this ash, in a safe and sound manner, to serve as a ground cover in the Central Landfill in Johnston. The use of cover material, on a daily basis, is an ordinary part of your operations as a sanitary landfill facility.

The answer to this question is yes, the use of the ash for this purpose is legal.

In this instance the ash is being used as an extender for clean soil cover material. Your tests and evaluations have demonstrated that this ash makes an excellent material for daily landfill cover. To the extent that you did not use this ash, you would have to purchase or produce a like quantity of clean ground-cover material.

Under these facts, the ash is not waste as defined in R.I. Gen. Law § 23-19-13.1(a). Rather, it is a product which you acquire as a matter of ordinary business practice. Not only would you be able to save the money that would be required to excavate the clean ground cover, you would also conserve the diminishing supply of clean ground cover available on site and, therefore, avoid future expenses of buying the same from off-site.

I emphasize that the ash is not legally waste only to the extent that it genuinely serves to fulfill a function of your operations that would otherwise necessitate internal or external procurement.

Very truly yours,

JAMES E. O'NEIL
Attorney General

JEO:MR:mek

**CERTIFICATE OF SERVICE**

I hereby certify that on 8th of May, 2006, I caused a true and accurate copy of the foregoing Plaintiff's Statement of Undisputed Facts in Support of Its Motion for Summary Judgment to be served by hand delivery to the following counsel of record:

John Langlois, Esq.
R.I. Department of Environmental Management
Office of Legal Services
235 Promenade Street
Providence, RI 02908

Michael Rubin, Esq.
Special Assistant Attorney General
150 South Main Street
Providence, Rhode Island 02903

Kathleen G. Young