UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| RHODE ISLAND RESOURCE RECOVERY CORPORATION | : | |
| Plaintiff | : | |
| vs. | : | C. A. No. 05-451-ML |
| RHODE ISLAND DEPARTMENT OF ENVIRONMENTAL MANAGEMENT | : | |
| Defendant | : | |

**DEFENDANT'S STATEMENT**
**OF DISPUTED AND UNDISPUTED FACTS**

Pursuant to Fed.R.Civ.P 56 and DRI LR Cv.56(a)(4), Defendant, Rhode Island Department of Environmental Management ("RIDEM" or "Defendant") hereby submits the following Statement of Disputed and Undisputed Facts in support of Defendant's Objection to Summary Judgment:

Plaintiff's Fact 1. The Corporation is a Rhode Island public corporation organized Pursuant to R.I. Gen. Laws § 23-19-1 et seq. and existing under the laws of the State of Rhode Island. Plaintiff owns and operates the Central Landfill in Johnston, Rhode Island, and provides facilities there to manage solid waste. Plaintiff is the successor to the Rhode Island Solid Waste Management Corporation.

**Response 1. Undisputed.**

Plaintiff's Fact 2. Defendant Rhode Island Department of Environmental Management ("RIDEM") is an agency organized pursuant to R.I. Gen. Laws § 42-17.1-1 *et seq*. and existing under the laws of the State of Rhode Island.

**Response 2. Undisputed.**

Plaintiff's Fact 3. The EPA brought suit against the Corporation under Sections 106 and 107 of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. §§ 9606-9607, in which it sought reimbursement of costs incurred by the EPA for response actions at Operable Unit 1 at the Central Landfill Superfund Site in Johnston, Rhode Island (the "Site"), as well at the performance of response work the Plaintiff at the Site.

**Response 3. Undisputed**

Plaintiff's Fact 4. The Corporation entered into a consent decree with the Environmental Protection Agency (the "EPA") in the 1996 Litigation (the "Consent Decree").

**Response 4: Undisputed.**

Plaintiff's Fact 5. The Consent Decree was entered as an Order of this Court on October 2, 1996.

**Response 5: Undisputed.**

Plaintiff's Fact 6. From 1987 through 1993, the Plaintiff under the oversight of EPA, conducted a remedial investigation and feasibility study with respect to the Site. The EPA provided the state with the opportunity to participate in the negotiations in accordance with the NCP and Section 121 of CERCLA. The plaintiff completed a

Remedial Investigation Report for the Superfund Site in June 1993, and a Feasibility Report in December 1993.

**Response 6: Undisputed.**

Plaintiff's Fact 7. The decision by the EPA on the remedial action to be implemented at the Site is embodied in the Record of Decision ("ROD"), which was executed on June 17, 1994.

**Response 7: Undisputed.**

Plaintiff's Fact 8. RIDEM concurred with the EPA's decisions with respect to the remedial action to be implemented at the Site and which was embodied in the ROD.

**Response 8: Undisputed.**

Plaintiff's Fact 9. The ROD required the Plaintiff, among other things, to construct a multi-layer RCRA C-Cap over the then uncapped 89 acres of the 121-acre Site designated as Operable Unit 1.

**Response 9: Undisputed.**

Plaintiff's Fact 10. The Consent Decree incorporated the ROD and required that the Plaintiff perform the remedial actions set forth in the ROD, including the construction of the RCRA C-Cap.

**Response 10: Undisputed.**

Plaintiff's Fact 11. The Consent Decree Provides that:

> As provided in Section 121(e) of CERCLA and § 300.400 (e)(1) of the NCP, no permit shall be required for any portion of the work conducted entirely on-site. Where any portion of The work requires a federal or state permit or approval, Settling Defendant shall submit timely and complete applications and take all other actions necessary to obtain all such permits or approvals.

**Response 11: Undisputed.**

Plaintiff's Fact 12. Before construction of the RCRA C-Cap at the site, the Corporation used various fill materials, including processed bottom ash ("PBA") from both in-state and out-of-state sources, in order to fill voids in, reshape and level out the area of the Site. This activity was necessary in order to construct properly the RCRA C-cap required under the terms of the Consent Decree. The use of the PBA was consistent with the applicable ARARs, which are listed in the ROD and set forth in the Scope of Work ("SOW) which is incorporated in and part of the Consent Decree.

**Response 12. Disputed.**

Plaintiff's Fact 13. The Corporation provided to RIDEM all information that it requested concerning the PBA used for subgrade of the Site.

**Response 13: Disputed.**

Plaintiff's Fact 14. The Corporation used the PBA at the Site for this purpose with the actual knowledge of the EPA.

**Response 14. Defendant is without knowledge sufficient to admit or deny this statement as to the actual knowledge of the EPA.**

Plaintiff's Fact 15. On August 16, 2005, RIDEM issued a Notice of Intent ("NOI") to Enforce to the Corporation in which it threatened to apply R.I.Gen. Laws § 23-18.9-5 and R.I.Gen. Laws § 23-19-13.1 concerning the use of PBA at the Site.

**Response 15. Disputed as to the date of the NOI.**

Plaintiff's Fact 16. The Corporation ceased its use of PBA for subgrade purposes at the site two weeks before it received the NOI, and so advised RIDEM, because it had enough material to complete the project.

**Response 16: Disputed.**

Plaintiff's Fact 17. On October 12, 2005, RIDEM obtained a search warrant from a Rhode Island state court, authorizing it to ender upon the Site and obtain samples of the PBA and soil.

**Response 17: Undisputed.**

Plaintiff's Fact 18. During the execution of the search warrant, RIDEM excavated down through the RCRA C-Cap, tearing it in several places.

**Response 18: Undisputed.**

Plaintiff's Fact 19. RIDEM has made no attempt to repair the torn RCRA C-cap.

**Response 19: Disputed.**

Plaintiff's Fact 20. RIDEM has notified the Corporation that it does not have a permit or approval from RIDEM to use PBA as "control fill" at the Site.

**Response 20: Disputed. The DEM has never required a permit.**

Plaintiff's Fact 21. The Search Warrant asserts that the Corporation's use of PBA as subgrade fill will require a permit from RIDEM, and the Corporation does not have such a permit.

**Response 21: Disputed. The DEM has never required a permit.**

Plaintiff's Fact 22. RIDEM has further indicated that the Corporation's use of PBA as "control fill" at the Site constitutes an unlawful disposal of out-of-state generated solid waste at the Central Landfill in violation of R.I. Gen. Laws § 23-19-13.1(a), as well

as disposal at an unlicensed solid waste management facility in violation of R.I. Gen. Laws § 23-18.9-5.

**Response 22: Disputed.**

Plaintiff's Fact 23. In support of the search warrant, Kurt Schatz, RIDEM's Chief of the Office of Criminal Investigation, attested that "it appears that RIRRC has been using the [incinerator] ash as control fill for several years without prior approval from the [RI]DEM. . . . ." Mr. Schatz further attested that "a review of the OWM files indicates that the OWM had never granted approval or received a request from RIRRC seeking approval of [incinerator] ash in the capping project." (Id.)

**Response 23: Undisputed.**

Plaintiff's Fact 24. On July 26, 1989, the Rhode Island Attorney General's Office issued an opinion letter regarding the Plaintiff's use of the PBA ("Opinion Letter"), opining that the use of out of state ash as a genuine supply product does not constitute a violation of R.I. Gen Laws § 23-19-31.1. The Opinion Letter states that:

> Your July 6, 1989 letter asks whether ash which is actually used by the landfill as genuine supply product in the landfill's operations can be acquired by the landfill where that ash is produced from out-of state sludge. You propose to use this ash, in a safe and sound manner, to serve as ground cover in the Central Landfill in Johnston. The use of cover material, on a daily bases, in an ordinary part of your Operations as a sanitary landfill facility. The answer to this questions is yes, the use of the ash for this purpose is legal. . . .Under these facts, the ash is not waste as defined in R.I. Gen. Laws § 23-19-13.1(a). Rather it is a product which you acquire as a matter of ordinary business practice.

**Response 24: Disputed as to the applicability of the Opinion Letter to "PBA". Undisputed as the remainder.**

Plaintiff's Fact 25. In support of its reasons for seeking the search warrant, RIDEM relied in part on the Revised Final Interim Alternate Cover Material Policy (the

"Policy") that is on file with the Office of Waste Management ("OWM"). Specifically, the Schatz Affidavit cited to Section 6.2.1.7 of the Policy, which provides, in pertinent part, that:

> Incinerator ash consists of the solid residue and entrained fluids remaining after the compulsion of fossil fuels potentially in combination with solid waste and or tires. This material will be considered for use as daily cover material only. . . ..

**Response 25: Undisputed.**

VERIFICATION

I, Leo Hellested, first being duly sworn on oath, hereby state that the facts contained in this Statement are, to the best of my knowledge and belief, true and accurate.

Leo Hellested

STATE OF RHODE ISLAND
COUNTY OF PROVIDENCE

Subscribed and sworn to before me this 17th day of may, 2006.

Irene Lennox
Notary Public
My comm. expires: August 28, 2009

IRENE LENNOX
NOTARY PUBLIC
MY COMMISSION EXPIRES: 08/28/2009

Respectfully submitted

Rhode Island Department of
Environmental Management
By its attorney

John A. Langlois, Esq. RI Bar No. 3488
Deputy Chief Legal Counsel
DEM – Office of Legal Services
235 Promenade Street
Providence, RI 02908
(401) 222-6607
(401) 222-3378 (Fax)

Respectfully submitted

State of Rhode Island
By its attorney
Patrick C. Lynch
Attorney General

Michael Rubin, RI Bar No. 3656
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400, Extension 2116
(401) 222-3016 (Fax)

**CERTIFICATION**

I, the undersigned, hereby certify that a copy of the foregoing was sent regular mail, postage pre-paid, to those listed below, on this 18th day of May, 2006.

Patricia K. Rocha, Esq.
R. Bart Totten, Esq.
Kristen W. Sherman, Esq.
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345

Richard A. Sherman, Esq.
Raymond M. Ripple, Esq.
EDWARDS & ANGELL, LLP
2800 Financial Plaza
Providence, RI 02903